IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM EUGENE WEBB,**

        **Plaintiff,**

v.                                        Civil Action No. 3:07cv62
                                              (Judge Bailey)

**JOE DRIVER, MR. MARTINEZ,
MR. ORSOLITS, MR. GREENWALL,
AND MS. DEBRA BRADLEY,**

        **Defendants.**

## REPORT AND RECOMMENDATION

On May 17, 2007, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. Because the plaintiff is a federal inmate alleging violations of his constitutional rights by federal employees, the undersigned has construed the plaintiff's claims as arising under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) (authorizing suits against individual federal employees).

On May 18, 2007, the plaintiff was granted permission to proceed as a pauper. The plaintiff was not required to pay an initial partial filing fee. Accordingly, this case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.02, <u>et</u> <u>seq.</u>, and 28 U.S.C. §§ 1915(e) and 1915A.

### I. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by

prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II. The Complaint

In the complaint, the plaintiff asserts that the defendants violated his constitutional rights in the following three ways:

(1) deliberate indifference to his serious medical needs;

(2) deliberate indifference to his need of a nutritionally balanced diet; and

(3) deliberate indifference to his serious need of law library hours.

In support of ground one, the plaintiff asserts that the defendants "willfully and deliberately ignored the expressed and documented orders of many licensed medical specialist(s), who explicitly and unequivocally prescribed/recommended surgeries for [his] abdominal hernias, broken left-fore-arm, and dislocated left-wrist-bone, and new soft shoes for [his] deformed right-foot." Complaint at 6.

---

[1] Id. at 327.

In support of ground two, the plaintiff asserts that the defendants "willfully and deliberately den[ied] me a nutritionally balanced and adequate diet, properly prepared, and attractively served, as is expressly mandated by the BOP's own policy . . . a prisoner also has a right to expect the BOP Food Service to supply sufficiently balanced diets which includes (sic) all vitamins needed as are essential for the continuation of normal life functions, and the sufficient calorie intake of same." Id. at 6-7.

In support of ground three, the plaintiff asserts that the defendants "willfully and wantonly violate the Bureau's own policy, by closing the law library regularly and randomly, and thereby infringing upon the policy's regulatory mandate, requiring a specific minimum hours it must be open daily to the general inmate population . . ." Id. at 7.

As relief, the plaintiff seeks declaratory, compensatory and punitive relief. The plaintiff also seeks an Order directing the defendants to promptly provide him medical care for his serious medical condition, a nutritionally balanced diet and the minimum law library hours mandated by policy. Id. at 7.

### III. Analysis

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe

Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

Moreover, liability in a Bivens case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Therefore, in order to establish liability in a Bivens case, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976).

Here, the plaintiff asserts that the defendants have violated his constitutional rights without providing any factual support for his claims. For example, in ground one, the plaintiff asserts that the defendants failed to provide appropriate medical treatment for his serious medical conditions. However, the plaintiff has failed to state how any of the named defendants were involved in his medical care. Additionally, in order to establish a claim of deliberate indifference to his serious medical needs, the plaintiff must show that his treatment, or lack thereof, was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the plaintiff and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). In this case, the plaintiff has, at best, alleged only a

4

difference in opinion as to his course of treatment.[2]

With regard to ground two, the plaintiff complains that Food Services has failed to provide him with a nutritionally adequate diet, properly prepared and attractively served. However, the plaintiff fails to allege how or why his diet is nutritionally inadequate or improperly prepared and how any inadequacy has negatively impacted his health and well-being. As to the plaintiff's claim that his meals are not attractively served, that claim is simply outright frivolous. The undersigned knows of no constitutional right which entitles a prisoner to an attractively served meal.

With regard to ground three, the plaintiff complains that the defendants fail to maintain appropriate law library hours. However, although the plaintiff states that he needs additional time to "research, study and prepare legal documents," the plaintiff does not assert that the number of hours he currently receives is inadequate. In fact, the plaintiff fails to even assert any need for additional time, *i.e.*, pending legal cases. In addition, the undersigned finds it significant that the plaintiff has not asserted any injury due to the defendants alleged failure to maintain appropriate law library hours.

Instead, the plaintiff merely makes self-serving and conclusory allegations against the defendants without any factual or evidentiary support. However, a bald statement that the plaintiff is entitled to relief from a defendant without any factual support is insufficient. Accordingly, the plaintiff has insufficiently pled and/or failed to state a claim against the defendants and this case should be dismissed. See Weller v. Dept. of Social Servs., 901 F.2d 387 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants).

---

[2] The plaintiff asserts that he should have surgery for his medical conditions, but asserts that the defendants have denied his requests for such treatment. The plaintiff has not, however, provided the Court with any evidence that such treatment was ever recommended, let alone, that it is medically necessary.

5

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915 and 1915A for the failure to state a claim.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: November 8, 2007.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE