# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM EUGENE WEBB,**

      **Plaintiff,**

**v.**                                                **Civil Action No. 3:07cv62**
                                                                **(Judge Bailey)**

**JOE DRIVER, MR. MARTINEZ,**
**MR. ORSOLITS, MR. GREENWALL**
**AND DEBRA BRADLEY,**

      **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I.   Procedural History

The *pro se* plaintiff initiated this civil rights action on May 17, 2007.  (Dckt. 1.)  In the complaint, the plaintiff asserted the following claims:

(1) deliberate indifference to his serious medical needs with regard to

      a) an abdominal hernia,

      b) a broken left forearm,

      c) a dislocated left wrist bone, and

      d) soft soled shoes for a deformed right foot;

(2) deliberate indifference to the plaintiff's need for a nutritionally balanced diet; and

(3) deliberate indifference to the plaintiff's serious need of law library hours.

Upon a preliminary review, the undersigned found that the complaint was insufficiently pled and that the plaintiff failed to state a claim for which relief could be granted.  (Dckt. 7.)  Thus, the undersigned  issued an Opinion/Report and Recommendation ("R&R") which recommended that

the complaint be dismissed in its entirety. *Id*.

Upon a *de novo* review of the complaint on March 14, 2008,[1] the Honorable John Preston Bailey, United States District Judge, adopted the R&R and dismissed the case. (Dckt. 11.) However, this case was later remanded by the Fourth Circuit for further consideration of the plaintiff's claim regarding his hernia condition. (Dckt. 20.) In the remand order, the Fourth Circuit specifically stated:

> We find that the district court correctly dismissed the majority of [the plaintiff's] complaint; however, we hold that Webb's claim that prison officials were deliberately indifferent to his serious medical needs regarding his hernia states a claim. Thus, we vacate and remand in part and affirm in part . . .
>
> ***
>
> [W]e vacate the portion of the district court's order dismissing [the plaintiff's hernia claim] and remand for further proceedings. As to the remainder of Webb's claims, we find no reversible error in the district court's judgment. Accordingly, we affirm for the reasons stated by the district court.

*Id*. at 2, 4.

The case was re-referred to the undersigned on February 2, 2009 (dckt. 25) and an Order to Answer was issued to the defendants on February 3, 2009 (dckt. 27). Consistent with the mandate of the Fourth Circuit, the defendants were directed to answer the plaintiff's claim of deliberate indifference with respect to his hernia condition.

On August 3, 2009, the defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. (Dckt. 44.) Because the plaintiff is proceeding *pro se*, the Court issued a <u>Roseboro</u> Notice the next day. (Dckt. 46). The plaintiff filed a response on November 2, 2009 (dckt.

---

[1] The plaintiff filed objections to the R&R on November 27, 2007. (Dckt 10.)

56) and a Motion for Permissive Joinder (dckt. 57).

## II.    Contentions of the Parties

### A.    The Complaint

With regard to his hernia condition,[2] the plaintiff asserts that the defendants were deliberately indifferent to his hernia condition because they "willfully and deliberately ignore[d] the expressed and documented orders of many licensed medical specialist[s], who explicitly and unequivocally prescribed/recommended surgeries for my abdominal hernia . . . These defendants have bureaucratically denied me prompt and proper medical treatment, over documented evidence that the conditions are unstable, deteriorating, and constently (sic) causes (sic) me considerable, and increasing pain daily."

In his objections to the R&R (dckt. 9-1), the plaintiff provides additional background information. The plaintiff was convicted on December 1, 2000. Immediately following his sentence on May 10, 2001, the plaintiff became extremely ill and was hospitalized. He subsequently had surgery for a ventral hernia complication and for kidney failure. Following this surgery, the plaintiff was transferred to the Federal Medical Center in Springfield, Missouri (FMC-Springfield). While there, the plaintiff was seen by several medical practitioners who determined that he would require further surgery for his medical conditions. However, the plaintiff was unable to complete his treatments because of a transfer. The plaintiff eventually landed at the Federal Correctional

---

[2] Although the defendants' motion addresses each and every claim made in the complaint, as does the plaintiff's response, the mandate of the Fourth Circuit is clear. The only claim remaining in this case is the plaintiff's claim that the defendants were deliberately indifferent to his serious medical needs with respect to his hernia condition. The remaining claims of deliberate indifference as to his other medical issues (broken left forearm, dislocated wrist bone and soft soled shoes for deformed right foot), and those related to a nutritionally balanced diet and access to more law library hours, have already been dismissed from this case and affirmed on appeal. Those claims, therefore, will not be given further consideration.

Institution in Estill, South Carolina (FCI-Estill).

Immediately upon his arrival at FCI-Estill, the plaintiff sought treatment for his medical conditions. The plaintiff asserts that he failed to receive proper treatment while at FCI-Estill, which forced him to file a civil action in the United States District Court for the District of South Carolina. Nevertheless, the plaintiff was then transferred from FCI-Estill to the Hazelton Penitentiary in Bruceton Mills, West Virginia ("USP-Hazelton"). The plaintiff asserts that he then experienced the same deficient medical treatment at USP-Hazelton.

For example, the plaintiff asserts that upon his arrival at USP-Hazelton on May 31, 2006, he immediately notified medical staff of his medical conditions and need for "prompt, proper and complete medical care . . . " Yet, he contends that despite his continual pain, he was not afforded corrective surgery. The plaintiff asserts that although he sought the assistance of those staff members with considerable authority with respect to medical decisions, he has continually been denied treatment. Attached to his objections are several of the plaintiff's medical records.

**B.  The Defendant's Motion to Dismiss, or for Summary Judgment**

In their memorandum in support of their motion (dckt. 45), the defendants assert that the complaint should be dismissed, or judgment granted in their favor, for the following reasons:

(1) the named defendants lacked personal involvement in the treatment of the plaintiff's hernia condition;

(2) the plaintiff fails to state a claim for which relief may be granted; and

(3) the defendants are entitled to qualified immunity.

**C.  The Plaintiff's Response to the Defendants' Motion**

In his response, the plaintiff asserts that the defendants were personally involved in the

treatment of his hernia condition. The plaintiff asserts that he spoke directly with defendants Driver, Martinez and Orsolits about his condition and sought their intervention. The plaintiff was told by these defendants that they did not have the authority to make medical decisions. In addition, the plaintiff asserts that these defendants were a part of USP-Hazelton's Utilization Review Committee, which makes decision as to which inmates receive recommended elective procedures such as hernia surgery. The plaintiff asserts that these defendants are liable in this case because they failed to intervene on his behalf. Since the filing of this case, the plaintiff was again transferred and has been incarcerated at the Gilmer Federal Correctional Institution in Glenville, West Virginia ("FCI-Gilmer"), since May of 2008.

In addition, the plaintiff asserts that he has clearly stated a claim of deliberate indifference to his serious medical needs. The plaintiff asserts that his claim cannot fail for two reasons:

(1) his medical records show an objectively reasonable medical need, and non-treatment of that need for at least two years; and

(2) as shown in his certified complaint and declaration, these officials acted subjectively with a sufficiently culpable state of mind.

Moreover, the plaintiff asserts that even if observing and monitoring his medical condition could be considered treatment, it was not adequate medical treatment given the circumstances. The plaintiff asserts that none of the physicians or other medical staff that observed and monitored his condition were specialists and that he waited 22 months for surgery on his hernia, even though his medical records contained recommendations that the surgery be performed. The plaintiff further asserts that the defendants were completely aware of his medical condition and the risks to his health if reasonable measures were not taken to correct it. The plaintiff asserts that the defendants'

reckless disregard for his health rises above the level of negligence, even if it was not done specifically to cause harm. The plaintiff asserts that the defendants' failure to alleviate the risks to his health, for whatever reason, was inexcusable.

Finally, the plaintiff asserts that the defendants are not entitled to qualified immunity. First, the plaintiff asserts that he has established a violation of his constitutional rights. In addition, the plaintiff argues that this right was clearly established at the time.

**D.   The Plaintiff's Motion for Permissive Joinder**

In this motion, the plaintiff seeks to add Harold Boyles ("Boyles"), Dr. Jorges S. Vazquez ("Dr. Vazquez"), Dr. Herman E. Branson ("Dr. Branson") and Dr. Richard R. Ramirez ("Dr. Ramirez") as defendants in this action. In support of his motion, the plaintiff asserts that each of these individuals was employed by the Bureau of Prisons at the time of the alleged acts and was involved in the violation of the plaintiff's rights. Moreover, the plaintiff asserts that he did not receive documented evidence of their involvement with his claims until after this case was initiated.

As to each individually, the plaintiff specifically asserts that Boyles, as the Assistant Health Services Administrator, prevented him from receiving soft soled shoes from outside the prison when the plaintiff could not afford to purchase Dr. Scholl's soft soled shoes from the Commissary. In addition, when informed of the plaintiff's inability to afford soft soled shoes from the Commissary, Boyles allegedly failed to provide the plaintiff with insoles.

As to the others, the plaintiff merely asserts that they were somehow involved with the alleged failure to provide his hernia surgery. However, the plaintiff fails to make any specific allegations against them. Instead, he merely states that Boyles, Vazquez, Branson and the other "named" defendants were each personally advised of his serious medical conditions and the need of

imminent treatment. He also asserts that each was a member of the Utilization Review Committee who jointly denied his request for hernia surgery.

Also in this motion, the plaintiff seeks to voluntarily dismiss defendants Mr. Greenwall and Debra Bradley. Motion (dckt. 57) at 14.

### III. <u>Standard of Review</u>

#### A. <u>Motion to Dismiss</u>

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. <u>Advanced Health-Care Services, Inc. v. Radford Community Hosp.</u>, 910 F.2d 139, 143 (4th Cir. 1990). Moreover, the Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). However, although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. *Id.* In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." *Id.* at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

#### B. <u>Motion for Summary Judgment</u>

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the

pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. *Id.* This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. *Id.* at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## IV.    Analysis

### A.    Motion for Permissive Joinder and for Voluntary Dismissal of Greenwald and Bradley

#### 1.    Permissive Joinder

The permissive joinder of parties is governed by Rule 20 of the Federal Rules of Civil Procedure. Rule 20 states in pertinent part:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

In addition, a court considering a motion for permissive joinder should do so in light of the rule's purpose, "which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983) (citing Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974)).

In this case, it is clear that allowing the plaintiff to join Boyles, Vazquez, Branson and Ramirez to the instant action would "promote trial convenience and expedite the final determination of disputes." All of the plaintiff's claims arise out of the same series of transactions or occurrences and the question of law is common to all defendants. Thus, the undersigned believes that the plaintiff's motion to join Harold Boyles, Dr. Vazquez, Dr. Branson and Dr. Ramirez in this suit should be **GRANTED**.

2. <u>Voluntary Dismissal of Defendants Greenwald and Bradley</u>

Pursuant to Rule 41(a), once an adverse party has filed an answer to a complaint or a motion for summary judgment, the plaintiff may only voluntarily dismiss claims by Order of the Court. In this case, the plaintiff seeks to voluntarily dismiss defendants Greenwald and Bradley.

A review of the file shows that the plaintiff's claims against defendant Greenwald and Bradley went solely to his claims regarding a nutritionally balanced diet and more law library hours. Those claims were dismissed on preliminary review and that decision was affirmed on appeal. The

plaintiff alleges no claims against either of these defendants as to the remaining claim of deliberate indifference to his hernia condition. Accordingly, the plaintiff's request to voluntarily dismiss defendants Greenwald and Bradley should be **GRANTED** and those defendants **DISMISSED** from this case.

## B.  Plaintiffs' Deliberate Indifference Claim

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The subjective component of a cruel and unusual punishment claim is satisfied by showing that the prison official acted with deliberate indifference. Wilson, 501 U.S. at 303. A finding of deliberate indifference requires more than a showing of negligence. Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial of nonexistent." *Id.* at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." See Morales Feliciano v. Calderon Serra, 300 F.Supp.2d 321, 341 (D.P.R. 2004) (citing Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003)).

For the following reasons, the plaintiff fails to show that the defendants were personally involved in an alleged violation of his constitutional rights. In the alternative, the plaintiff fails to allege facts sufficient to show that the defendants were deliberately indifferent to his serious medical needs.

1. Defendants Driver, Martinez and Orsolits

With respect to the plaintiff's claims against Driver, Martinez and Orsolits, the plaintiff asserts that these defendants are personally responsible for the alleged violation of his rights. However, to support this claim, the plaintiff merely asserts that he approached these defendants

about his medical issues because of their "considerable authority."  It seems obvious then, that the plaintiff merely approached these individuals because of their authoritative positions as Warden, Acting Warden and Associate Warden.  These defendants are not medical personnel and would have had no authority to make medical decisions concerning the plaintiff's course of treatment.  Moreover, to the extent that they participated in the Utilization Review Committee, or were aware of the plaintiff's medical complaints, those again are parts of their official duties as Warden, Acting Warden and Associate Warden.  Accordingly, defendants Driver, Martinez and Orsolits were involved in the alleged violation of the plaintiff's rights, only to the extent that they acted in their supervisory or official capacities.

In <u>Miltier v. Beorn</u>, 896 F.2d 848, 854 (4th Cir. 1990), the Fourth Circuit recognized that supervisory defendants may be liable in a <u>Bivens</u> action[3] if the plaintiff shows that: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." In so finding, the Court recognized that "[s]upervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Id.*  However, the plaintiff cannot establish supervisory liability merely by showing that a subordinate was deliberately indifferent to his needs.  *Id.*  Rather, the plaintiff must show that a supervisor's corrective inaction amounts to deliberate indifference or tacit authorization

---

[3]  <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 395 (1971) (authorizing suits against federal officials in their individual capacities).

of the offensive practice. *Id.* In reviewing claims of medical care, supervisors are entitled to rely on the judgment of the medical staff as to the course of treatment prescribed. *Id.*

In this case, the plaintiff does not allege any personal involvement on the part of defendants Driver, Martinez or Orsolits in his actual medical care or treatment. The fact that they were aware that the plaintiff sought certain medical procedures, or had seen his medical records, is simply not enough to establish personal liability for these defendants. At best, the plaintiff has shown that these defendants knew of his complaints because of their authoritative positions as Warden, Acting Warden and Associate Warden. However, a suit against government agents acting in their official capacities is considered a suit against the United States itself. See <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally present only another way of pleading an action against an entity of which an officer is an agent.'"). Remedy under <u>Bivens</u>, however, is against federal officials in their individual capacities, not the federal government. Moreover, the plaintiff has not provided any evidence these defendants tacitly authorized or were indifferent to an alleged violation of his constitutional rights. It is clear that they relied on the advice of medical staff when they acted in their official capacities by either denying the plaintiff's grievances[4] or reviewing his case as a part of the Utilization Review Committee. Because they are not medical personnel, such reliance was completely reasonable and appropriate. See <u>Miltier v. Beorn</u>, 896 F.2d at 854. Accordingly, the plaintiff's claims against defendants Driver, Martinez and Orsolits should be **DISMISSED**.

    2.   <u>Defendants Boyles, Vazquez, Branson and Ramirez</u>

---

[4] Denying institutional grievance which complain of a lack of medical care or treatment is not the type of personal involvement required to state a <u>Bivens</u> claim. See <u>Paige v. Kupec</u>, 2003 WL 23274357 *1 (D.Md. March 31, 2003).

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

Here, the plaintiff names defendants Boyles, Vazquez, Branson and Ramirez as defendants in this action, but with the exception of Boyles, fails to allege any specific allegations against any of these defendants. Moreover, the plaintiff's stated claims against Boyles go to his soft soled shoe claim, which has already been dismissed from this action. The plaintiff has, at most, made a bald statement that he has a deliberate indifference claim against these defendants without any specific allegations of misconduct and without any showing of how these defendants participated in any alleged violation of his constitutional rights. Nonetheless, even assuming that the plaintiff had sufficiently pleaded his claim, his claim fail on the merits.

The undisputed facts show that at or near the time of his arrival at USP-Hazelton on May 31, 2006, the plaintiff apprised medical staff of his hernia condition.[5] Defendants' Ex. 1 (Declaration of Harold Boyles); see also Defendants' Ex. E (the plaintiff's medical records). His abdominal

_____

[5] Any treatment or diagnosis of the plaintiff's medical conditions, or lack thereof, that occurred prior to this time at any other Bureau of Prisons facility is not before this Court.

hernia was evaluated and found to be minimally symptomatic. Defs. Ex. 1 ¶11. On June 14, 2006, the plaintiff instituted a grievance regarding surgery for his ventral hernia. *Id.* at ¶ 8. An investigation into the plaintiff's complaint ensued. *Id.* at ¶ 9. During the investigation, it was discovered that the plaintiff had been approved or offered hernia repair surgery on two prior occasions: once while incarcerated at FMC-Springfield and once at FCI-Estill. *Id.* at ¶ 10. The plaintiff's medical records also showed that he had refused surgery both times. *Id.* In addition, because he was only minimally symptomatic upon his arrival, and a chronic care plan was in place, the plaintiff's grievances were denied. *Id*; see also Complaint at Ex. A (plaintiff's administrative remedies). At that time, it was the opinion of Hazelton medical staff that the plaintiff's hernia condition could be controlled without surgery. *Id.*

The plaintiff's condition was monitored in accordance with his chronic care plan and when the plaintiff's condition deteriorated, he was approved for hernia repair surgery on January 31, 2008. Defs. Ex. 1 at ¶ 12; Complaint at Ex. A. The plaintiff received his hernia repair surgery on March 12, 2008. Defs. Ex. 1 at 13.

It is quite clear from the plaintiff's medical records that his hernia condition was monitored by medical staff. The plaintiff had a chronic care plan which included regular appointments where his condition was continually evaluated by USP-Hazelton medical staff. Moreover, the plaintiff fails to explain why he would refuse hernia repair surgery on two separate occasions, then suddenly demand such surgery when the medical opinion was that it was not warranted. In addition, much of the plaintiff's argument centers on the fact that surgery had been recommended for him by other physicians at other institutions. Nonetheless, all this shows is a difference in medical opinions as to the proper care and treatment of the plaintiff's hernia condition. It is clearly established, however,

that a difference in medical opinions is insufficient to establish deliberate indifference. <u>Wright v.</u> <u>Collins</u>, 766 F.2d at 849. At best, such a difference in medical opinion may be sufficient to show a claim of medical negligence or medical malpractice, but it does not rise to the level of a constitutional violation. <u>Farmer v. Brennan</u>, 511 U.S. at 835. There is simply no evidence that the defendants acted with a "sufficiently culpable state of mind" by not granting the plaintiff's request for hernia surgery. Instead, the undisputed evidence shows that the defendants were relying on their own medical diagnosis or the diagnosis of trained medical professionals.

Finally, the fact that the medical staff at USP-Hazelton were not specialists in the area of ventral hernias is largely inapposite. The plaintiff is not entitled to the doctor of his choice nor to be seen by a specialist. Accordingly, even assuming that the named defendants are all proper defendants and that the plaintiff had sufficiently pleaded his claims, the plaintiff cannot succeed on the merits of his claim that the defendants were deliberately indifferent to his hernia condition, and that claim should be **DENIED**.

## V.   <u>Recommendation</u>

For the reasons set forth herein, the undersigned recommends that the plaintiff's Motion for Permissive Joinder (dckt. 57) be **GRANTED** in its entirety so that Harold Boyles, Dr. Jorges Vazquez, Dr. Herman Branson and Dr. Richard Ramirez be added as defendants in this action, and defendants Greenwald and Bradley be voluntarily dismissed. In addition, the undersigned further recommends that the defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (dckt. 44) be **GRANTED** and that the plaintiff's complaint (dckt. 1) be **DISMISSED with prejudice** from the active docket of this Court.

Within ten (10) days after being served with a copy of this Opinion/Report and

Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: November 20, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE