UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

FILED

JUL 1 8 2011

U.S. DISTRICT COURT
ELKINS WV 26241

WILLIAM EUGENE WEBB,
            Plaintiff,

vs.                                    3:07-CV-62

JOE DRIVER, et al.,
            Defendants.

## MOTION TO COMPEL COMPETENT REPRESENTATION THROUGH COUNSEL AND MOTION FOR LEAVE TO FILE AN INTERLOCUTORY APPEAL

COMES NOW; the Plaintiff, William Eugene Webb, acting in pro se. and respectfully moves this honorable Court in a motion to compel competent representation through counsel and motion for leave to file an interlocutory appeal pursuant to 28 U.S.C. 1292(b).

In support of this motion the Plaintiff shows the Court, as follows:

### I.   RELEVANT FACTS

On November 24, 2008, this case was REMANDED to this District Court per Order and Opinion of the Fourth Circuit Court of Appeals for trial by jury for alleged acts of deliberate indifference to the Plaintiff's serious medical needs. (Document Entry: 20 ).

- 1 -

On February 4, 2010, this honorable Court, per Order of the honorable John Preston Bailey, Senior District Court Judge, appointed counsel Robert McCoid, as counsel of record for the plaintiff. (D.E.: 65 ). Trial Certain was set for 11/01/2010.

On   July 1, 2010,   the Plaintiff, acting in pro se., filed a motion with this court complaining of counsel McCoid's performance as counsel for the plaintiff. (D.E.: 77 ).

On   Sept. 9, 2010,   Judge Bailey denied the stated motion asserting his confidence in counsel McCoid's continued representation. (D.E.: 87 ).

Since September 10, 2010, Plaintiff has consistently and repeatedly requested counsel McCoid:

(a). provide plaintiff a true and exact copy of all documents he has on file in this case, in a timely fashion, that he may be kept Up-to-speed, to-wit, counsel McCoid has totally disregarded;
*1

(b). retain a competent "medical expert witness" for deposition and to give testimony in a trial by jury, to-wit, counsel has blatantly refused, stipulating cost, and that he has invested far more money into this case than he shall be allowed reimbursement;
*2

(c). depose all named defendants, and provide plaintiff a true and exact copy of these depositions, to wit, counsel has also refused, again asserting "cost" as his basis for refusal, and the unavailability of a means of re-imbursement;

- 2 -

(d). obtain discovery, Rule 26 -37, and particularly obtain Bureau of Prisons and USP. Hazelton's annual medical department financial records from "2003" through "2008", which is critical to the plaintiff's case, to-wit, counsel McCoid has totally refused to seek, asserting he has invested over $4,500 in this case, and that he has no intentions of incurring futher expenses in a matter he does not "wish" to take to trial;

(e). to depose Dr. Highschell, M.D., who was the surgeon who operated on plaintiff's ventral hernia during the time-period in question, to wit, McCoid has refused, asserting cost;

(f). to seek to joinder, Rule 19, Mr. Boyles, as a defendant in this case, because of his actual involvement in the denial of plaintiff's medically recommeded surgery, as member of the Utilization Review Committee, to wit, McCoid has simply disregarded to present-date;
*3

(g). to depose all expert witnesses for the defendants, and to provide plaintiff a true and complete copy of these depositions pursuant to Rules 27 -28, to wit, counsel has refused to date;

(h). to respect plaintiff's desire to have his tort claim dismissed, opting to ensure trial by jury in regards to his Bivens claims, to wit, counsel McCoid has totally disregarded stating he (sic) "shall continue to seek to settle the tort."

(i). to schedule phone conferences, sufficient to ensure trial strategies and critical aspects of the case are sufficiently examined, in a timely fashion, to ensure this case proceeds to

trial certain without unnecessary delay(s), and ensure the level of adversarial preparedness that the 7th Amendment intended, to wit, counsel McCoid has failed considerably.

## II.   CONTROLLING QUESTION OF LAW

i). Should indigent plaintiff representation in a prisoner civil case regarding medical deliberate indifference be of least adversarial preparatorial quality than the 7th Amendment guarantees, solely because poverty makes it impossible to pay or secure the cost of litigation. See, Denton v. Hernandez, 504 U.S. 25, 118 L.Ed 2d 340, 348-49, 112 S.Ct. 1715 (1992)

ii). Should appointed counsel for an indigent prisoner client provide his client:

(a). a copy of all court filings and other documents;

(b). depositions of all defendants and their expert witnesses;

(c). a copy of all poffered discovery documents;

(d). joinder all persons needed, pursuant to Rule 20;

(e). a retained medical expert for deposition and testimony;

(f). phone conferences and ensure trial preparedness, timely;

(g). related representation on nonfrivolous pro se. motions;

(h). BOP financial records etc., through petitioning the Court for additional discovery evidence? See, ABA MODEL CODE OF PROFESSIONAL RESPONSIBILITY.

### III.   STANDARD OF REVIEW

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order. 28 U.S.C.  1292(b).

"To show that an interlocutory appeal is warranted under Section 1292(b), the appellant must demonstrate "that exceptional circumstances justify a departure from the basic policy of post-poning appellate review until after the entry of a final judge-ment."" See, <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed 2d 351 (1978)(internal quotes omitted).

"Because interlocutory appeals should be granted only in limited circumstances, the requirements for granting an interlo-cutory appeal "are to be strictly construed and applied." See, <u>Howes v. W.R. Peele, Sr. Trust</u>, 889 F.Supp. 849, 852 (E.D.N.C. 1995)

- 5 -

Under Section 1292, leave to file an interlocutory appeal should be granted only when (1) the order involves a controlling question of law, (2) as to which there is a substantial ground for a difference of opinion, and (3) immediate appeal would materially advance the termination of the litigation. All these requirements must be satisfied in order to grant leave to appeal an interlocutory order. McKinney v. Bolton, 2010 U.S. Dist. LEXIS 33914. The Fourth Circuit has defined a controlling question of law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes. See, Fannin v. CSX Transp., Inc., 873 F.2d 1438 (4th Cir 1989).

## IV.   CONTROLLING AUTHORITIES
### AND RELATED ARGUMENT

i). Should indigent plaintiff's representation in a prisoner civil case regarding medical deliberate indifference be of least adversarial preparatorial quality than the Seventh Amendment guarantees, solely because poverty makes it impossible to pay or secure the cost of litigation?

Amendment 7 of the U.S. Constitution provides; "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

Under 28 U.S.C. 1915, which allows an indigent litigant to commence a civil or criminal action in a federal court without paying administrative cost of proceeding with the lawsuit,

- 6 -

Congress "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any Court of the United States, solely because proverty makes it impossible to pay or secure the cost of litigation." See, Denton v. Hernandez, 118 L.Ed.2d 340, 348 -49, 504 U.S. 25, 112 S.Ct. 1715 (1992); and see, Coppedge v. United States, 369 U.S. 438, 447, 8 L.Ed.2d 21, 82 S.Ct. 917 (1962)("Our conclusion today is consant with Congress' overarch- ing goal in enacting the in forma pauperis statute: "to assure equity of consideration for all litigants.")

Under Rule 706, of the Federal Rules of Evidence, "this Court may on its own motion or motion of any party enter an order to show cause why an expert witness should not be appointed , and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. . ." See, General Electric Co. v. Joiner, 139 L.Ed.2d 508, 522 U.S. 136 (1997)(Court appointed Experts: Defining the Role of Experts Appointed under Federal Rule of Evidence 706, pp.. 83-88(1993); J. Weinstien, Individual Justice in Mass Tort Litigation 107110 (1995); ef. Kaysen, In Memoriam: Charles E. Wyzanski, Jr. 100 Harv. L. Rev. 713, 715 (1985)(discussing a judge's use of an economist as a law clerk...) "The inherent power of a trial judge to appoint an expert of his own choosing is virtually unquestioned." See, Scott v. Spanjer Bros., Inc., 298 F.2d 928

(2ndCir. 1962); and see, <u>Danville v. Brant-Buckner</u>, 333 F.2d
202 (4th Cir.1964).

     In this honorable Court's 9/09/2010 ruling and ORDER
denying as moot (D.E.:78) Motion to Appoint Expert Witnesses
and (D.E.:80)  Corrected Motion to Appoint Expert Witnesses
this Court obviously left the responsibility of retaining an,
medical expert witness for the plaintiff, to his appointed
counsel McCoid.  However; it has become apparent at this very
critical stage, that counsel has decided, to proceed to trial
without an expert witness, simply because he feels this case
is not worthy of him expending the cost of retaining an expert
witness, and that he shall not be re-imbursed for this cost.

     In  <u>Weeks v. Angelone</u>, 176 F.3d 249,    (4thCir.1999),
the Fourth Circuit Court of Appeals has recognized an indigent'
s right under the due process clause to the assistance of an
expert. In the case at bar, Webb also contends that an expert
witness is critically needed to evaluate the evidence and to
present an independent analysis of the medical evidence favorable
to his claims of deliberate indifference, and to ensure a mean-
ingful adverserial test.

     In this case, the Government shall undoubtedly call a
number of medical expert witnesses, including three named
defendants who are also licensed medical doctors, to refute the
plaintiff's claims of deliberate indifference. Without at least
one independent expert witness, the plaintiff shall be at a

- 8 -

serious adversarial disadvantage. Competent representation of
appointed counsel would be improbable, "solely because proverty
makes it impossible."

**ii).** Should appointed counsel for an indigent prisoner client provide him,
**(a)** copies of all court filings, **(b)** depositions of defendants and witnesses
deposed, **(c)** all discovery documents for review, **(d)** motion(s) to joinder
additional defendants needed for the just adjudication of this case, **(e)**
an independent medical expert witness, **(f)** sufficient phone conferences to
ensure trial preparedness, **(g)** related representation on nonfrivolous pro
se. motions, and **(h)** file motions, e.g., bill of particulars, and subpoenas
seeking BOP financial records from USP Hazelton from 2003 to 2008?

ABA MODEL CODE OF PROFESSIONAL RESPONSIBILITY, Preamble
provides, and I quote :

> "The continued existence of a free and democratic society depends
> upon recognition of the concept that justice is based upon the rule
> of law grounded in respect for the dignity of the individual and
> his capacity through reason for enlightened self-government. Law
> so grounded makes justice possible, for only through such law does
> the dignity of the individual attain respect and protection. With-
> out it, individual rights become subject to unrestrained power,
> respect for law is destroyed, and rational self-government is
> impossible .
>  Lawyers, as guardians of the law, play a vital role in the prese-
> rvation of society. The fulfillment of this role requires an
> understanding by lawyers of their relationship with  and function
> in our legal system. A consequent obligation of lawyers is to
> maintain the highest standards of ethical conduct. ..."

; unquote.

In the furtherance of the principles stated in the Preamble
, the American Bar Association has promulgated the Model Code

of Professional Responsibility, consisting of three seperate but interrelated parts : Cannons, Ethical Considerations, and Disciplinary Rules.

Respectively thereto, the plaintiff avers that counsel has failed considerably in relations to **Canon 6**, A lawyer should represent a client competently, and particularly, DR 6-101 (A)(1), (2) and (3), "he has handled this legal matter incompetently, without adequate preparation, and negligently, without intent to proceed to trial certain; **Canon 7**, DR 7-102 (A)(1), and (B)(1), "counsel McCoid has failed to zealously represent his client's best interest, or exercise his professional judgement to assert a right or position of his client; including the Rule of Client-Lawyer Relationship, Rule 1.1, Competence, 1.2, abide by a client's decisions concerning the objectives of representation, 1.3, diligence, and 1.4, communication and keeping his client reasonably informed of the status of matters and promptly comply with reasonable requests for information ...etc.

In this motion, the plaintiff has pointed to eight (8) specific areas of representation, required by the ABA Code, to wit, counsel McCoid has deliberately disregarded, because of his prisoner status maybe,   or due to his indigence. The common law of this country and the U.S. Constitution demands a much higher ethical standard of client/attorney relationship. To ensure same, is the responsibility of the Court, particularly, when the matter is repeatedly brought to the Court's attention.

## V. SUMMATION

Here; the "controlling question of law" as to which there
is substantial ground for difference of opinion obviously is
"should an indigent plaintiff's prisoner civil case regarding
medical deliberate indifference by prison officials be of least
adversarial quality than the Sixth and Seventh Amendments guaran-
tee, soley because proverty makes it impossible to pay or secure
the cost of litigation."

"There is a substantial ground for difference of opinion"
as to the specific "cost" or quality of representation that
should be afforded the indigent civil litigant in a prison medical
dispute. This novel question, when answered, shall have a profound
impact upon the ultimate verdict of any competent jury."

Thus; illustrating "that exceptional circumstances, in this
case, justifies a departure from the basic policy of postponing
appellate review until after the entry of a final judgement," it
is a give fact that preparatorial quality and substance determines
or profoundly effects the ultimate outcome of any civil or criminal
trial by jury. This is particularly so when the substance of the
case hinges upon technical issues, e.g., questions of medical
negligence or deliberate indifference, which are "more creditably"
answered by a medical practitioner, licensed in the specific area-
(s) of expertise as subject to the complaint.

"Immediate appeal, of an adverse decision, shall materially
advance the termination of the litigation," saving cost of a

possible re-trial, and possibly advance the probability of a pre-trial settlement. Conclusively; it is evident, that without a competent independent medical expert witness, and proficient assistance of counsel, a "meaningful adversarial test" in this case, is impossible.

## VI.  C O N C L U S I O N

**WHEREFORE**; the Plaintiff prays this honorable court RULE ORDER, as follows:

a). that counsel and/or the Clerk provide plaintiff copies of all court filings;

b). that counsel provide plaintiff complete copies of depositions of defendants, and government witnesses proffered for trial;

c). that counsel provide plaintiff complete copies of any and all discovery documents; [including the withheld Bates Stamps Nos. US 00001 -207];

d). that counsel file joinder motions of persons needed for the just adjudication of this case; [*3]

e). that an independent medical expert witness shall be appointed in this case; [*4]

f). that counsel provide sufficient phone conference(s) to ensure trial preparedness;

g). that counsel provide case related representation on pro se. nonfrivolous motions filed by plaintiff; and that,

h). counsel file motions, etc., e.g., bill of particulars, and subpeonas seeking financial records of USP Hazelton's Medical Department from 2003 to 2008;

or in the alternative, that the Plaintiff be allowed to file an

interlocutory appeal of this Court's ORDER, in the interest of
justice and fundamental fairness.

DATED : July 4 , 2011.

Respectfully submitted;

by :

William Eugene Webb, pro se.

Reg.No. 19695-057

USP Coleman 2

POB 1027

Coleman, Fl. 33521-1027

---

**\*1).** Counsel McCoid seldom serves plaintiff copies of Court filings, or
adequately ensure plaintiff is kept up-to-speed in this case.

**\*2).** Dr. Richard Sobel was retained by counsel McCoid to provide a deposition
in writing pre-trial. However; Sobel was only provided plaintiff's Medical
Records from 2006 to 2008, when medical records from 2001 through 2010 were
available, relevant, and critical to the plaintiff's case of deliberate
indifference. Plaintiff had been advised since September Of 2010, by counsel
McCoid, that  Dr. Sobel was retained  for trial. However; counsel McCoid has
just recently notified Webb that Dr. Sobel would not be retained for trial,
due to cost, and that he shall not seek to retain a replacement medical
expert for trial.

**\*3).** Mr. Harold Boyles, a Health Service Administrator, at USP Hazelton, was
a member of the Utilization REview Committee that denied plaintiff surgery
on three different occasions during the time-period subject to this complaint
, and as such, Boyles should be added as a defendant pursuant to Rule 19
of the Federal Rules of Civil Procedure. However; counsel McCoid has failed
to motion the Court pursuant thereto.

**\*4).** Here, Plaintiff seeks to have Dr. Richard Sobel appointed pursuant to

- 13 -

## VII. CERTIFICATION

I, the undersigned depose and state under the penalty of perjury that the foregoing motion is true and correct.

EXECUTED; this __11__ day of _____July_____, 2011.

By : _____

William Eugene Webb.

## VIII  CERTIFICATE OF SERVICE

I the undersigned depose and state under the penalty of perjury that I have provided all parties a true and exact copy of this MOTION TO COMPEL COMPETENT REPRESENTATION THROUGH COUNSEL AND MOTION FOR LEAVE TO FILE AN INTERLOCUTORY APPEAL, by placing their copy in a postage pre-paid envelope, sealed therein and mailed as follows :

Alan G. McGonigal              Robert G. McCoid
U.S. Attorney's Office  -and-  McCamic, Sacco, Pizzuti &
PO Box 591                     McCoid, PLLC
Wheeling, WV 26003             PO Box 151
                               Wheeling, WV 26003

; and mailed from the U.S.P. Coleman 2, P.O. Box 1027, Coleman, Fl. 33521-1027, by hand-delivery to the Mail Room Officer, for deposit into the U.S. Mail.

EXECUTED; the __11__ day of _____July_____ 2011.

By : _____

William Eugene Webb.

---

Rule 706, of the Federal Rules of Evidence.

- 14 -