**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**WILLIAM EUGENE WEBB,**

    Plaintiff,

v.

                                                   **CIVIL ACTION NO. 3:07-CV-62**
                                                 **(BAILEY)**

**MR. ORSOLITS, DR. RAMIREZ,**
**DR. VAZQUEZ, and DR. BRANSON,**

    Defendants.

**ORDER RELIEVING PLAINTIFF'S COUNSEL FROM FURTHER REPRESENTATION AND DENYING MOTION FOR LEAVE TO FILE AN INTERLOCUTORY APPEAL**

I.    <u>Introduction</u>

On this day, the above-styled matter came before this Court upon consideration of the plaintiff's *pro se* Motion to Compel Competent Representation Through Counsel and Motion for Leave to File an Interlocutory Appeal [Doc. 145]. In his motion, filed *pro se*, the plaintiff presents a laundry list of requests he alleges his appointed counsel, Robert McCoid, has failed to pursue. The Motion essentially urges this Court to compel Mr. McCoid to bow down to Webb's every request.

II.    <u>Procedural History</u>

On February 4, 2010, this Court entered its Order Declining to Adopt the Opinion/Report and Recommendation of United States Magistrate Judge John S. Kaull [Doc. 65]. In so doing, this Court recognized Mr. Webb's allegation of deliberate

indifference to his serious medical needs stated a claim for relief; therefore, this Court subsequently established a Scheduling Order [Doc. 71], which included discovery deadlines and a trial date. Furthermore, this Court, in its discretion, appointed counsel, Robert McCoid, to represent Mr. Webb's interests, without any compensation.

On May 25, 2011, the defendants filed another Motion to Dismiss and Motion for Summary Judgment [Doc. 115]. Upon consideration of the fully briefed Motion, this Court issued its July 8, 2011, Order which Granted in Part and Denied in Part [Doc. 143]. Therefore, this Court determined this matter would proceed to trial, which was continued to August 16, 2011.

III. Applicable Law

Pursuant to 28 U.S.C. § 1915(e)(1) (2006), "[t]he court may *request* an attorney to represent any person unable to afford counsel." (Emphasis added). However, there is no absolute right to appointment of counsel; a plaintiff must present "exceptional circumstances." **Miller v. Simmons**, 814 F.2d 962, 966 (4th Cir.1987). Exceptional circumstances exist where "a *pro se* litigant has a colorable claim but lacks the capacity to present it." **Whisenant v. Yuam**, 739 F.2d 160, 163 (4th Cir.1984) (citation omitted), *abrogated on other grounds by* **Mallard v. United States Dist. Ct.**, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel). A district court's denial of a motion to appoint counsel is reviewed for abuse of discretion. **Miller**, 814 F.2d at 966.

IV. Discussion

    A. Webb's Historical Pattern of Accusations Against Appointed Counsel

Shortly after this Court's Order allowing his deliberate indifference claim to proceed,

Mr. Webb filed the instant Motion [Doc. 145], in which he has expressed his dissatisfaction with his appointed counsel. This Court notes this is not the first time Mr. Webb has made such baseless accusations. Within a little over a month of being appointed counsel, Mr. Webb filed a *pro se* Motion for a Calendar Call [Doc. 72] on April 22, 2010, wherein his attacks on Mr. McCoid began. Therein, the plaintiff requested that this Court "hear his motion . . . to determine why appointed counsel Robert McCoid has totally disregarded his sworn obligation afforded his client through the cannons (*sic*) of professional ethics as established by the American Bar Association, if he has excepted (*sic*) this appointment." This Court denied that Motion on April 26, 2010 [Doc. 74], stating that it is confident that Mr. McCoid is adequately representing the plaintiff's interests.

On July 1, 2010, Mr. Webb filed another *pro se* motion [Doc. 77] in which he "complain[ed] of counsel McCoid's performance as counsel . . .." Then, Webb filed another *pro se* motion in the meantime [Doc. 78], which this Court denied as moot [Doc. 87] as Mr. McCoid had already performed the action sought by the motion. Perhaps gaining some level of trust for his appointed counsel, Mr. Webb's *pro se* filings ceased for several months.

B. Webb's Instant Motion Regarding Appointed Counsel's Alleged Shortcomings

In the instant Motion, however, Mr. Webb claims he has been making various requests of his counsel since September 10, 2010, to no avail. Mr. Webb asserts he has repeatedly requested of Mr. McCoid: (1) that he provide copies of all documents related to his case "in a timely fashion;" (2) that a competent medical expert witness be retained for deposition and trial testimony; (3) that all named defendants be deposed and transcripts of the same be provided to Webb; (4) that he obtain BOP and USP Hazelton's annual

medical department financial records from 2003 to 2008; (5) that he depose Dr. Heiskell, the surgeon who performed the most recent hernia operation; (6) that he seek joinder of Mr. Boyles as a defendant; (7) that he depose all expert witnesses for the defendants and provide transcripts of the same; (8) that he respect Webb's desire to withdraw the Federal Tort Claims Act claim; and (9) that he schedule telephone conferences with Webb "sufficient to ensure trial strategies . . .."

This Court will attempt to address the above complaints in turn. Mr. Webb's first request – that copies of documents be provided in a timely fashion – may be the only with merit. This Court only makes this assumption because if Mr. Webb was "up-to-speed" on his case, he would be well aware that this Court has previously denied joinder of Mr. Boyles [Doc. 65], and he would have known that Mr. McCoid did, in fact, move to withdraw the FTCA claim [Doc. 122]. Despite Webb's oversights on these issues, this Court further believes Mr. Webb may access his case files electronically at his place of incarceration.

Next, Mr. McCoid did, in fact, retain a medical expert witness, Dr. Sobel, to review this matter, and this Court has reviewed Dr. Sobel's report. Next, this Court fails to find any relevance in the medical financial records from 2003 through 2008. Further, to the extent that Webb requests all defendants be deposed, it appears from the record that Mr. McCoid had been pursuing the same.

Finally, this Court recognizes the difficulties that arise with communication between an attorney and his incarcerated client. This Court does not fault either party for any hardships they experienced throughout this past year in light of Mr. Webb having been transported to no fewer than four different facilities, two of which are located in Florida. This Court is also aware that Mr. McCoid made attempts to visit his client in person, but

was sent away due to lock-down.

Simply put, this is a nightmare case for an attorney whom this Court honestly believes wished to serve this Court and to help an indigent prisoner when nobody else would. While this court has not considered expenses as a factor in relieving Mr. McCoid of his representation, this Court would be remiss not to at least recognize the great expense, both in time and money, that he has invested in this case. Nevertheless, this plaintiff has pushed this Court to its breaking point in this most recent motion, wherein he attacks Mr. McCoid's representation and sworn oath to serve as an officer of this honorable Court by citing the ABA Model Code of Professional Responsibility, Canons of Ethics, Disciplinary Rules, etc. While starting a sentence with "Respectively," in the same breath Webb goes on to represent to this Court that Mr. McCoid "has failed considerably," "has handled this legal matter incompetently," "without adequate preparation," "negligently," "without intent to proceed to trial," "has failed to zealously represent [Webb's] best interest or exercise his professional judgement," etc.

Ironically, despite all the above, it is not Robert McCoid who has asked this Court to withdraw from this case; rather, Mr. Webb has filed the instant Motion vehemently expressing his dissatisfaction. Throughout everything Mr. Webb has put Robert McCoid through – at no expense to him – Mr. McCoid has remained steadfast in his continued willingness to bring this action to fruition. While this Court commends Robert McCoid's professionalism and honorable commitment to his appointment in this case, this Court cannot in good conscience permit Mr. Webb to continue this tirade against his attorney.

C. Webb's Motion for Leave to File Interlocutory Appeal

To this Court's amazement, Mr. Webb's instant motion [Doc. 145] goes so far as to

request this Court grant him leave to file an interlocutory appeal, posing the following question:

> Should indigent plaintiff's representation in a prisoner civil case regarding medical deliberate indifference be of least adversarial preparatory quality than the Seventh[1] Amendment guarantees, solely because poverty makes it impossible to pay or secure the cost of litigation?

Although this Court did appoint Mr. Webb counsel, it shared the concerns stated in **Ferguson v. Fleck**, 480 F.Supp. 219 (W.D. Mo. 1979), in which the court recognized:

> . . . requests for counsel in civil rights actions impose a troublesome issue of selectivity on the courts which must recognize the time-consuming burdens undertaken by attorneys prosecuting federal civil litigation and the problems which would be invited if all colorable claims of indigents were automatically referred to appointed counsel. The court reasoned that although meritorious claims would generally benefit from the assistance of counsel, the court has few facilities permitting a forecast of substantial merit and should only infrequently ask lawyers to serve in civil matters.

Indeed, this Court, in recognizing Webb stated a meritorious claim, solicited no fewer than ten local attorneys prior to Mr. McCoid to represent Webb, all of whom declined. Mr. McCoid is an experienced, well-respected member of the local bar, and his law firm, McCamic, Sacco, Pizzuti & McCoid – of which he is a partner – is highly regarded in the legal community. The firm has existed in, and served the Ohio Valley for over one hundred years. This Court, keenly aware of Mr. McCoid's reputation in the community for committing a significant portion of his practice to *pro bono* cases, first sought out other

---

[1] This Court notes that it is the Sixth Amendment which provides the right to counsel, and such right only exists in the criminal context.

attorneys in the hopes that Mr. McCoid could avoid that which has ultimately unfolded. Unfortunately for Mr. McCoid, and to this Court's disappointment that none other would step up to take Webb's case, this Court called upon Mr. McCoid as a last resort, knowing he would uphold his duty to serve this Court.

D.  This Court Finds Mr. Webb Well-equipped to Represent Himself in this Matter

Most Courts have found that 28 U.S.C. § 1915(d) is purely discretionary, especially in cases where the issues were not overly complex and the defendant had adequately represented himself on prior motions. See **Whisenant v. Yuam**, 739 F.2d at 163. Mr. Webb is probably the most successful *pro se* prisoner this Court has seen. It will be remembered that in the infancy of this case, this Court initially denied Mr. Webb's Complaint in its entirety [Doc. 11]. On November 24, 2008, that Order was subsequently vacated and remanded in part by the United States Court of Appeals for the Fourth Circuit [Doc. 20].[2]

Approximately one year later, the magistrate judge again issued an Opinion/Report and Recommendation [Doc. 58] in which he once again recommended that the Complaint be dismissed in its entirety. Proceeding *pro se*, Webb filed his Objections to the R&R [Doc. 63], and this Court was persuaded to issue its February 4, 2010, Order Declining to Adopt the Opinion/Report and Recommendations [Doc. 65]. In essence, since the filing of the Complaint on May 17, 2007, up to this Court's February 4, 2010, Order, at which point counsel was appointed, Mr. Webb was highly successful representing himself for nearly two

---

[2] This Court notes that Mr. Webb has also been successful in an entirely separate case before this Court, **Webb v. DeBoo** (2:09-CV-107). In that case, the Fourth Circuit Court of Appeals again vacated and remanded this Court's Order dismissing Webb's **Bivens** Complaint.

7

years.  Additionally, over the past year, Webb has had the added benefit of experienced counsel, who has successfully postured this case for trial.  With this case ready to proceed to trial in a matter of weeks, this Court now finds it appropriate to hand the reigns over to Mr. Webb to give him the opportunity to present his case to a jury.

V.     Conclusion

Upon careful consideration of the above, this Court is of the opinion that the plaintiff's *pro se* Motion to Compel Competent Representation Through Counsel and Motion for Leave to File an Interlocutory Appeal **[Doc. 145]** should be, and is, hereby **DENIED**.  Furthermore, this Court hereby *sua sponte* relieves plaintiff's counsel, Robert McCoid, of any further representation in this matter.

Additionally, for reasons appearing to this Court, the **Pre-Trial Conference** is hereby **CONTINUED** to **August 16, 2011, at 2:00 p.m.**, in the Wheeling District Judge Courtroom, second floor, before the Honorable Chief District Judge John Preston Bailey.  Jury selection and **Trial** shall commence the next day, **August 17, 2011, at 8:30 a.m.**  Based upon the above, this Court finds it is obligated to make clear to plaintiff Webb that he will be representing himself, *pro se,* in all future proceedings in this matter, including the trial proceedings.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein and to mail a copy to the *pro se* plaintiff.

**DATED:** July 29, 2011.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE