# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### WHEELING

**WILLIAM EUGENE WEBB,**

       Plaintiff,

v.

                                **CIVIL ACTION NO. 3:07-CV-62**
                                **(BAILEY)**

**VICTOR ORSOLITS, et al.,**

       Defendants.

## ORDER ON MOTIONS

On this day, the above-styled civil action came before this Court upon consideration of the *pro se* plaintiff's following motions:  Emergency Motion to Halt Government Abuse [Doc. 197]; Motion for Reconsideration of the Order Dismissing Both Joe Driver and Ricardo Martinez as Defendants [Doc. 200]; Plaintiff's Motion for Reconsideration of the Order (Doc. 154) on Defendants' Motion in Limine and Including the Redacted Deposition of Dr. Sobel [Doc. 203]; Motion to Halt Mail Tampering [Doc. 204]; and the Motion to File Motions Out of Time [Doc. 205].  Defendants have responded to the *pro se* plaintiff's two motions for reconsideration.  See Docs. 206 and 207.

    A.    Plaintiff's Motions Docs. 204 & 205

As an initial matter, the plaintiff's Motion to File Motions Out of Time **[Doc. 205]** is **DENIED AS MOOT**.  In his Motion, the plaintiff alleges that prison officials had failed to mail certain motions, specifically the very motions addressed herein.  This Court notes these motions were received by this Court more than a week before the instant Motion was filed.

1

Plaintiff's Motion to Halt Mail Tampering [Doc. 204] essentially alleges the same issues set forth in his Motion to File Motions Out of Time [Doc. 205]; however, it seeks certain Court intervention in an attempt to enforce timely delivery of his mail.  To the extent that this Court has already found no such evidence of mail tampering or delay, the Motion to Halt Mail Tampering **[Doc. 204]** is **DENIED**.

> B.    Plaintiff's Motion Doc. 197

The *pro se* plaintiff's Emergency Motion to Halt Government Abuse [Doc. 197] raises similar arguments which were contained in his Motion for Court Intervention [Doc. 192] and Consolidated Motions [Doc. 186].  Therein, the indigent *pro se* plaintiff seeks sufficient copies and postage to be provided so he may attempt to timely file his pretrial motions and other documents in preparation for his pretrial preparation.  This Court previously ordered the United States Attorney's office to contact USP-Coleman-2 to make the necessary arrangements to provide the *pro se* plaintiff with sufficient postage and photocopy capabilities to ensure no further delay in this matter.  See Doc. 194.  Again, it appearing the pretrial motions have been timely filed, the Motion lacks merit, and the same **[Doc. 197]** is therefore **DENIED**.

> C.    Plaintiff's Motion for Reconsideration of the Order Dismissing Both Joe Driver and Ricardo Martinez as Defendants [Doc. 200]

The plaintiff seeks reconsideration of this Court's Order [Doc. 143], which found insufficient evidence in the record to implicate defendants Driver and Martinez. Defendants timely responded on December 5, 2011 [Doc. 206].  As required in a ***Bivens*** action, the plaintiff cannot establish supervisory liability merely by showing that a subordinate was deliberately indifferent to his needs.  Rather, the plaintiff must show that a supervisor's

2

corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. While it is axiomatic that prison officials are subordinate to the prison warden, insufficient evidence exists tending to show Driver or Martinez were ever aware of Webb's condition.

Through the course of discovery, it has become apparent to this Court that the plaintiff has failed to provide a sufficient showing that Warden Driver or Mr. Martinez actually served on the Utilization Review Committee. Neither has plaintiff set forth sufficient evidence showing any alleged corrective inaction amounted to deliberate indifference or tacit authorization of the offensive practice alleged. *Id*. Accordingly, this Court dismissed defendants Driver and Martinez from this action. For the same reasons, the plaintiff's Motion for Reconsideration **[Doc. 200]** is **DENIED**.

> D. <u>Plaintiff's Motion for Reconsideration of the Order (Doc. 154) on Defendants' Motion in Limine and Including the Redacted Deposition of Dr. Sobel [Doc. 203]</u>

<u>1. Defendants' Motion in Limine No. 1</u>

A. The plaintiff next seeks this Court's reconsideration of the rulings set forth in its Order on Defendants' Motions in Limine [Doc. 154]. Defendants filed their Response to this Motion on December 5, 2011 [Doc. 207]. In Defendants' Motion in Limine No. 1 to Exclude Certain Testimony of Plaintiff's Expert, Richard Sobel, M.D. [Doc. 131], the defendants moved to exclude specific testimony (1) regarding treatment of the plaintiff's gastroesophageal reflux ("GERD") symptoms; (2) addressing alleged errors made by USP Hazelton pharmacists; and (3) opining that the actions of the defendants constituted deliberate indifference.

In its Order [Doc. 154], this Court determined that the defendants correctly pointed out that much of plaintiff's expert witness, Dr. Richard Sobel's, report is devoted to the plaintiff's acid reflux or "GERD" problems. It was thus apparent, based upon this report and the great extent to which the plaintiff addressed his GERD treatment in his Response Memorandum in Opposition to the Defendants' Motion for Summary Judgment [Doc. 122], that he intends to raise the subject at trial. This Court agreed with the defendants, however, that the issues for trial on the plaintiff's deliberate indifference claim have been narrowed down to those associated with the treatment regarding his ventral hernia. Therefore, this Court opined that any portion of Dr. Sobel's report or testimony related to the plaintiff's GERD symptoms shall be excluded. This Court was not persuaded by the plaintiff's initial objections to the defendants' motions *in limine* and maintains its position. Accordingly, this Court's Order [Doc. 154] will stand, and the plaintiff's motion for reconsideration **[Doc. 203]** of the same is hereby **DENIED**.

B. Next, plaintiff's Motion [Doc. 203] seeks reconsideration of this Court's Order [Doc. 154] regarding defendants' Motion in Limine ("MIL") No. 1; specifically, plaintiff objects to the portion which sought to preclude any of Dr. Sobel's testimony regarding the alleged failure by USP Hazelton's pharmacy staff to provide the appropriate pharmaceuticals to treat the above-mentioned GERD symptoms. As previously stated, this civil action does not involve the plaintiff's GERD symptoms; therefore, any such testimony related to the same shall be excluded. It follows that testimony related to the pharmacy staff's alleged failures to administer proper pharmaceuticals should also be excluded.

C. Finally, plaintiff's Motion [Doc. 203] seeks reconsideration of the portion of this Court's Order [Doc. 154] in which it granted defendants' MIL No. 1; specifically, plaintiff

objects to this Court's ruling that Dr. Sobel be precluded from opining that the fact that the defendants did not refer the plaintiff for a surgical consult and arrange for surgical repair of the hernia sooner constitutes "deliberate indifference."  It is the defendants' position that "deliberate indifference" as used in this context constitutes a legal term, the interpretation of which shall lie with the Court.  *See **Berry v. City of Detroit***, 25 F.3d 1342, 1353 (6th Cir. 1994); *see also **Adalman v. Baker, Watts & Co.***, 807 F.2d 359, 366 (4th Cir. 1986).

This Court again agrees with the defendants that the term "deliberate indifference" is a legal term, which this Court intends to define in its instructions to the jury.  *See **United States v. Newman***, 49 F.3d 1, 7 (4th Cir. 1995).  Therefore, as previously ruled, Dr. Sobel may offer his opinions as to whether a defendant's actions complied with standard practices that are within his area of knowledge, *see **Berry***, 25 F.3d at 1353.  Further, this Court remains of the opinion that any testimony from Dr. Sobel that an alleged failure to do so amounts to "deliberate indifference" shall be excluded.  For all the above reasons, this portion of Plaintiff's Motion for Reconsideration of the Order (Doc. 154) on Defendants' Motion in Limine and Including the Redacted Deposition of Dr. Sobel **[Doc. 203]** is **DENIED**.

### 2.  Defendants' Motion *in Limine* Number 2

Next, the plaintiff asks this Court to reconsider its Order [Doc. 154] in which it granted Defendants' Motion in Limine No. 2 to Exclude Evidence About Conduct of Persons Other than the Defendants [Doc. 132].  The defendants moved this Court to exclude any evidence regarding the conduct of persons not subject to this litigation as proof of deliberate indifference.  The defendants asserted that many individuals assessed and/or

5

treated the plaintiff's hernia who are not subject to this litigation.  The plaintiff did not file a response.

In granting the MIL, this Court found that liability in **Bivens** actions is personal and based on the individual defendant's own alleged constitutional violations.  *See **Trulock v. Freeh***, 275 F.3d 391, 402 (4th Cir. 2001).  As such, the plaintiff is required to prove specific acts taken by the individual defendant which allegedly violated the constitutional right at issue.  *Id*. at 402.  Accordingly, this Court noted that specific acts done by individuals not named in this case, which may or may not have violated the constitutional right at issue, shall nevertheless be barred as evidence against the named defendants.

While the defendants concede evidence regarding the care and treatment provided by these other medical professionals could be relevant and may be offered by one or more of the parties at trial, to the extent that the plaintiff claims that any action or conduct by these other medical professionals constitutes deliberate indifference, such should be excluded.  For these reasons, this Court granted the defendants' MIL No. 2 [Doc. 132], and this Court remains of the opinion that its ruling shall stand.  Accordingly, this portion of plaintiff's Motion **[Doc. 203]** is **DENIED**.

### 3.  Defendants' Motion *in Limine* Number 3

Finally, the plaintiff asks this Court to reconsider its Order [Doc. 154] in which it granted Defendants' Motion *in Limine* No. 3 to Exclude Evidence of Treatment of Other Medical Conditions [Doc. 133].  The defendants' MIL sought to exclude any evidence related to the treatment of any conditions other than his ventral hernia, including, but not limited to, GERD, hypertension, traumatic arm injury, and foot deformity.  The plaintiff did

6

not file a response.

As stated above, the instant litigation has been narrowed in scope to the plaintiff's ventral hernia. Accordingly, any evidence related to the treatment of the plaintiff's other maladies is not relevant under Rule 401 of the Federal Rules of Evidence. As such, this Court ruled that evidence related thereto shall be excluded pursuant to Fed. R. Evid. 402. This Court further found that any probative value the same may carry would be substantially outweighed by danger of unfair prejudice to the defendants, and would likely confuse the jury. See Fed. R. Evid. 403. Accordingly, this Court granted MIL No. 3, and finds no reason to alter that ruling. As such, this portion of plaintiff's Motion **[Doc. 203]** is **DENIED**.

After careful consideration of the above, this Court hereby **ORDERS** as follows:

1. Plaintiff's Emergency Motion to Halt Government Abuse **[Doc. 197]** is **DENIED**;

2. Plaintiff's Motion for Reconsideration of the Order Dismissing Both Joe Driver and Ricardo Martinez as Defendants **[Doc. 200]** is **DENIED**;

3. Plaintiff's Motion for Reconsideration of the Order (Doc. 154) on Defendants' Motion *in Limine* and Including the Redacted Deposition of Dr. Sobel **[Doc. 203]** is **DENIED IN FULL**;

4. Plaintiff's Motion to Halt Mail Tampering **[Doc. 204]** is **DENIED**; and

5. Plaintiff's Motion to File Motions Out of Time **[Doc. 205]** is **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record, the United States Marshals Service, and to the *pro se* plaintiff at his address at USP Coleman-2, P.O. Box 1027, Coleman, FL  33521-1027.

**DATED:** December 20, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE